**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HABIB KHAN, | No. 09-70750 |
| Petitioner, | |
| v. | Agency No. A075-259-362 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2013**
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District
Judge.***

Khan, a native and citizen of Pakistan, petitions for review of three

immigration status decisions: a Board of Immigration Appeals ("BIA") decision in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

which the BIA denied Khan's motion to reopen proceedings for being untimely, a United States Citizenship and Immigration Services Administrative Appeals Office ("AAO") decision dismissing Khan's application for temporary resident status under Section 245a of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255a, and an AAO decision rejecting his application for adjustment of status under Section 1104 of the Legal Immigration Family Equity Act, Pub. L. No. 106-553, 114 Stat. 2762, 2762A-142 (2000), *amended by* LIFE Act Amendments of 2000, Pub. L. No. 106-554, 114 Stat. 2763, 2763A-324.

We review the BIA's denial of Khan's motion to reopen for abuse of discretion. See Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir. 2008). We find the BIA did not abuse its discretion in denying Khan's motion to reopen because the motion was untimely, having been filed more than six years after the BIA's decision. See 8 C.F.R. § 1003.2(c)(2). Khan contends that he did not seek a reopening but rather termination of his removal order, arguing that he was no longer removable because he had already been inspected and paroled into the country. Khan's inspection and parole, however, do not constitute admittance into the United States for immigration purposes. See INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); Yuen Sang Low v. Att'y Gen. of the U.S., 479 F.2d 820, 822–23 (9th Cir.1973) (holding a paroled petitioner is not entitled to suspension of

2

deportation and adjustment of status because the petitioner is not lawfully admitted into the United States).  Khan further suggests the BIA should have exercised its sua sponte authority to reopen his motion.  We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings.  See 8 C.F.R. § 1003.2(a); Minasyan v. Mukasey, 553 F.3d 1224, 1229 (9th Cir. 2009).

We review the AAO's decisions under 8 U.S.C. § 1255a(f)(4), which provides that "the findings of fact and determinations contained in [the administrative] record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole."  Nothing in the record suggests the AAO acted "arbitrarily, irrationally, or contrary to law," Singh v. INS, 213 F.3d 1050, 1052 (9th Cir. 2000) (internal quotation marks omitted), or contrary to the record, 8 U.S.C. § 1255a(f)(4), in denying his eligibility for temporary resident status or adjustment of status.  As an applicant for temporary resident status, Khan must prove, by a preponderance of the evidence, his unlawful, continuous residence in the United States before January 1, 1982, and that he is admissible into the United States.  8 U.S.C. § 1255a.  The LIFE Act contains similar requirements for applications for adjustment.  8 C.F.R. § 245a.11.  The AAO found Khan's evidence of continuous residence failed to meet his "more likely than not" burden.

3

The AAO also determined Khan was inadmissible under 8 U.S.C. § 1182(a)(9), and that he failed to seek a waiver of that ground of inadmissibility. Our review of the record reveals that the AAO did not abuse its discretion and that Khan did not establish that its findings were contrary to clear and convincing facts in the record taken as a whole.

**PETITION DENIED.**